```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

FRANK R. AIRHART              *          CIVIL ACTION

VERSUS                        *          NO: 06-4982

ALLSTATE INSURANCE COMPANY    *          SECTION: "D"(3)
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment"** filed by Defendant, Allstate Insurance Company, a Write-Your-Own (WYO) Program Carrier participating in the U.S. Government's National Flood Insurance program (NFIP) pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001 *et seq.*, appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2]  ***No memorandum in opposition was filed.***

The motion, set for hearing on Wednesday, July 18, 2007, is before the court on Defendant's brief, without oral argument. Now, having considered the memorandum of Defendant's counsel, the record, and the applicable law, the court finds that there is no

---

[1]    44 C.F.R. §62.23(f).

[2]    42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

genuine issue of material fact and Defendant is entitled to Judgment as a matter of law.

In this Hurricane Katrina related matter, Plaintiff seeks to receive U.S. Treasury benefits pursuant to his Standard Flood Insurance Policy (SFIP).  However, based on the record as it now stands, there has been no showing that Plaintiff complied the SFIP Proof of Loss requirement, a condition precedent to the filing of this lawsuit.[3]

---

[3] The Standard Flood Insurance Policy requires in Article VII(J) the following conditions precedent:

> J. Requirements in Case Of Loss
>
> In case of a flood loss to insured property, you must:
>
> 1. Give prompt written notice to us;
>
> 2. As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
>
> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss.  Attach all bills, receipts, *and related documents*;
>
> 4. **Within 60 days after the loss**, send us a **proof of loss**, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>     a. The date and time of loss;
>
>     b. A brief explanation of how the loss happened;
>
>     c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

Under normal circumstances, Plaintiffs' failure to file a Proof of Loss within sixty (60) days of Hurricane Katrina would have barred their claim.  However, as a result of Hurricane Katrina and the shortage of qualified adjusters, FEMA waived a Proof of Loss requirement to expedite claims payments so that affected policyholders were not subject to undue hardship.  (*See* Waiver, Doc. No. 15-3, Defendant's Ex. A).  FEMA stated that "payment of the loss will be based on the evaluation of damage in the adjuster's report." (*Id.* at p. 2).  However, in the same document, FEMA instructed that:

> **In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the**

---

        d.    Details of any other insurance that may cover the loss;

        e.    Changes in title or occupancy of the covered property during the term of the policy;

        f.    Specifications of damaged buildings and detailed repair estimates;

        g.    Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

        h.    Details about who occupied any insured building at the time of loss and for what purpose; and

        I.    The inventory of damaged personal property described in J.3. above.

SFIP, Article VII(J) (emphasis added); *See also* 44 C.F.R. Pt. 61, App. A(1)(West 2007).

> **insurer a proof of loss within one year from the date of loss.** The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form...The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of th written denial of the claim as provided in VII.R of the SFIP Dwelling or General Property Form...
>
> For example, a policyholder who suffered a flood loss from Hurricane Katrina on August 23, 2005, and disagrees with the insurer's decision based on the adjuster's report has until August 22, 2006,[4] to file the proof of loss detailing the area(s) of disagreement.

(*Id*. at pp. 2-3).

The SFIP is "an insurance policy issued pursuant to a federal program, and as such "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id*.

For purposes of this case, FEMA only granted a waiver for the proof of loss requirement for one year; it did not grant an open

---

[4] Defendant submits that August 23, 2005, is the date when Hurricane Katrina struck Florida. Defendant construes the document - in its entirety- as allowing one year from the date of loss to file a proof from all Katrina claims, both in Florida and along the Gulf Coast, in this matter, until August 26, 2006. (*See* Allstate's Memo. at p. 8, n. 11).

4

and unending waiver.  Further, as the Fifth Circuit has explained, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution."  *Gowland*, 143 F.3d at 955.

"Not even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] *regulation*." *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)(citation omitted); *see also Wright v. Allstate*, 415 F.3d 384, 388 (5th Cir. 2005)(holding that the district court erred in estopping Allstate from asserting Plaintiff's failure to file an adequate Proof of Loss as a basis for denying his claim).

Here, Plaintiff failed to file a Proof of Loss at all, much less within 60 days after the loss or within the one-year extension allowed by FEMA.  (*See* Defendant's Ex. O, Affidavit of Jason Raske).  Thus, as a matter of law, such a failure to timely file a proof of loss is fatal to his instant claims against Allstate.[5] Accordingly;

---

[5] This court similarly held in *Newlin v. Fidelity National Property and Casualty Ins. Co.*, No. 06-4691, 2007 WL 1466819 (E.D.La. May 18, 2007)(McNamara, J).  *See also* Defendant's Ex. Q, a listing of 75 decisions from across the country holding that flood insurance lawsuits cannot proceed unless the insured can establish his compliance with the Proof of Loss requirement.

5

**IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant, Allstate Insurance Company, be and is hereby **GRANTED**, dismissing Plaintiff's claims against Fidelity with prejudice.[6]

New Orleans, Louisiana, this **18th** day of **July, 2007**.

                                                                    _____
                                                                         A.J. McNAMARA
                                                                    UNITED STATES DISTRICT JUDGE

---

[6] Defendant also argues that it is entitled to summary judgment because: (1) there was no timely notice of loss as required by Article VII(J)(1) of the SFIP; (2) Plaintiff failed to document his flood loss claim as required by the SFIP; and (4) Plaintiff's flood loss claims are excluded from coverage and/or not covered under the terms of the SFIP.

Because the court finds that Plaintiff's failure to file a Proof of Loss in and of itself is sufficient to grant Defendant summary judgment, the court does not reach these other arguments. But the court notes that because no opposition was filed, there is no genuine dispute as to the material facts related to these arguments.